# McCue Sussmane Zapfel & Cohen P.C.
### Counselors at Law

420 Lexington Avenue                                                      212.931.5500 Office
Suite 2250                                                                212.931.5501 Fax
New York, New York 10170                                                  www.mszpc.com

December 1, 2025

**BY ELECTRONIC FILING**
Hon. Katherine Polk Failla
U.S.D.C., S.D.N.Y.
40 Foley Square, Room 618
New York, NY 10007



Re:    **Plaintiff's Response to Letter Request of Defendants for Adjournment of Hearing**
       ___*1410 Lexington Avenue LLC v. Michele Iuliano, et al.,*___ **Civ. Act. No. 1:25-cv-061791**

Judge Failla:

This firm represents plaintiff 1410 Lexington Avenue LLC in the action referenced in the subject line against defendants Michele Iuliano and Anisa Iuliano.  This letter responds and partially objects to the first letter motion filed by counsel for defendants, Mr. Julio Portilla, on December 1, 2025 seeking adjournment of the hearing scheduled for December 2, 2025 on the emergency application of the plaintiff for attachment of the assets of the defendants.

As a preliminary matter, absent the request for consideration of a medical issue by counsel for the defendants, the plaintiff would object to the requested adjournment in its entirety.  The subject hearing is on an emergency application by the plaintiff for the attachment of assets of the defendants with a temporary restraining order and related injunctive relief to prevent the dissipation and removal of assets outside of the state. The requested adjournment delays determination of the plaintiff's request for temporary restraining order and thereby enables the defendants to not only continue but accelerate the very misconduct that the application seeks to prevent.[1]  Accordingly, the requested adjournment of the hearing necessarily occurs to the direct and foreseeable prejudice of the plaintiff.

Moreover, the requested adjournment should also be denied insofar as the purported "emergency" need for the adjournment is entirely of the defendants own making.  The defendants and their then-counsel, Mr. Portilla, were notified of the action when it was commenced in July of 2025. I sent a copy of the complaint was sent to Mr. Portilla on behalf of the defendants by email on July 28, 2025 and communicated with him repeatedly regarding the action in the periods that followed until he abruptly advised me in October of 2025 that he did not represent the defendants in this matter. Thereafter, the defendants chose not participate or appear in action despite ongoing

---

[1] New York law recognizes the likely prejudice to a movant associated with providing advanced notice to a debtor-defendant of a motion for attachment prior to entry of requested relief to maintain the status quo. That is why New York law authorizes *ex parte* applications for attachment without notice to a defendant.  *See* CPLR § 6211.

inquiries of the plaintiff and service with process.  They continued to avoid participating even after the plaintiff provided advanced notice of the attachment motion and its request for injunctive relief at the beginning of last week. Instead, on the day before the hearing, they re-retain an attorney who knew he was unable to appear at the hearing for which he was being retained. The defendants should not be rewarded for willfully defaulting in the action and avoiding taking timely action to protect their own rights.

Nonetheless, the plaintiff sincerely wishes to accommodate the request of counsel for the defendants to accommodate his situation under terms that minimize the prejudice to its own rights. Accordingly, the plaintiff does not object to adjournment of the hearing to the next available date to the extent that the temporary restraining order requested in plaintiff's order to show cause is granted through the adjourned date. That is a reasonable resolution of this request that accommodates the interests of all parties and maintains the *status quo* in the interim.

To the extent that the Court considers granting the adjournment request without any interim injunctive relief in place, the plaintiff requests that the hearing date is scheduled for the next available date.

Thank you for your consideration of this matter.  I am available by phone to immediately address this matter further to the extent requested by the Court.

Respectfully,

/s/ Scott L. Swanson

The Court has reviewed Defendants' request to adjourn the hearing scheduled for tomorrow, December 2, 2025, at 3:00 p.m. (Dkt. #18) and Plaintiff's above opposition (Dkt. #19).  Though the Court is sorry to hear of defense counsel's family medical emergency, it nonetheless DENIES Defendants' application for substantially the reasons articulated above by Plaintiff.  However, to accommodate defense counsel's need to be physically present with his family, the Court hereby CONVERTS tomorrow's in-person hearing to a telephonic hearing.  At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

The Clerk of Court is directed to terminate the pending motion at docket entry 18.

Dated:     December 1, 2025
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

2