UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1410 LEXINGTON AVENUE LLC,<br><br>*Plaintiff,*<br><br>-v. -<br><br>MICHELE IULIANO and ANISA IULIANO,<br><br>*Defendants.* | 25 Civ. 6179 (KPF)<br><br>**ORDER OF ATTACHMENT** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff 1410 Lexington Avenue LLC ("**Plaintiff**") having made an application pursuant to Article 62 of the New York Civil Practice Law and Rules ("**CPLR**") for an Order of Attachment against the assets of defendants in the captioned action, Michele Iuliano and Anisa Iuliano (collectively, **Defendants**"), with the following documents submitted in support of the motion along with all exhibits and prior submission in the Action: (i) the Memorandum of Law dated November 21, 2025; (ii) the Affirmation of Scott L. Swanson dated November 21, 2025 and (iii) the Affidavit of Darren Zar dated November 21, 2025.

Based on these submissions, and all other filings and proceedings had herein, and based on the parties' statements during a telephonic oral argument held on December 2, 2025, Plaintiff appears to have a valid and cognizable cause of action against to obtain a money judgment against each of Defendants jointly and severally for the liquidated claim amount of not less than **$199,233.00** as a result of Defendants' failure to pay on an absolute,

unconditional, and irrevocable guaranty; it is probable that Plaintiff will succeed on the merits of its claim; and there is sufficient ground for an Order of Attachment pursuant to CPLR 6201(1) because, *inter alia*, Defendants are non-domiciliaries which reside without the state; and Defendants has no counterclaims for damages against Plaintiff, as a result of which it is

ORDERED, that Petitioner's application for an Order of Attachment is granted, and will be effective (unless earlier vacated) through the time of the entry of an execution or turnover order pursuant to Federal Rule of Civil Procedure ("**FRCP**") 64 and CPLR Article 52 following entry of a judgment for Plaintiff; and it is further

ORDERED, that the amount to be secured by this Order of Attachment is $199,233.00; and it is further

ORDERED, that all property, wherever located, of Defendants, including (a) any debt to Defendants, which is past due or which is yet to become due, certainly or upon demand of Defendants, whether it was incurred within or without the State of New York, to or from a resident or non-resident, as provided by FRCP 64 and CPLR 5201(a), and (b) any tangible and intangible property of Defendants, which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, as provided by FRCP 64 and CPLR 5201(b), and consistent with *Hotel 71 Mezz Lender LLC* v. *Falor,* 14 N.Y.3d 303, 312 (2010), and *Koehler* v. *Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 539 (2009), is hereby attached; and it is further

ORDERED, that the Sheriff of the City of New York, or of any county in the State of New York, shall attach, at any time before final judgment, all other property of Defendants as evidenced by written instruments, which is located in the State of New York; and it is further

ORDERED, that Plaintiff's undertaking is fixed in the sum of $5,000.00, conditioned upon Plaintiff paying to Defendants an amount not exceeding $5,000.00 for legal costs and damages which may be sustained by reason of attachment, and up to and not exceeding $5,000.00 to the Sheriff for allowable fees, if Defendants recover judgment or if it is decided that Plaintiff is not entitled to an attachment of Defendant's property; and it is further

ORDERED, that within five days of the service of this Order of Attachment, each of Defendants shall serve the garnishee statement required by CPLR 6219 through ECF and by email upon Plaintiff's attorneys, McCue Sussmane Zapfel & Cohen P.C., attn: Scott Swanson located at 420 Lexington Avenue, 22nd Floor, New York, New York 10170, sswanson@mszpc.com, and it is further

ORDERED, that each of Defendants, its agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of the property and/or debts described above, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Order of Attachment by personal service or otherwise, are hereby PROHIBITED until further order of this Court from selling, assigning, transferring or paying over to any person other than the Sheriff, interfering with, otherwise disposing

of, or in any other way affecting the value of any such property or debt, or directing or allowing any other person to do so, EXCEPT THAT IT IS PROVIDED THAT nothing herein shall attach or restrain any property beyond those properties with an aggregate value sufficient to secure of $199,233.00.

SO ORDERED.

Dated:    December 2, 2025
          New York, New York

KATHERINE POLK FAILLA
United States District Judge